# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

DAVID P. BRITT,  )
         Plaintiff,  )
v.  ) Civil Action No. 3:10CV05-HEH
BILL WATSON,  )
         Defendant.  )

## MEMORANDUM OPINION
### (Granting Defendant's Motion For Summary Judgment)

David P. Britt, a former Virginia inmate, brings this 42 U.S.C. § 1983 action. In his Complaint, Mr. Britt asserted that his rights under the Eighth Amendment were violated on November 4, 2008, when deputies at the Portsmouth City Jail/Workcenter ("the Jail"), forced him and other inmates to kneel "for over three hours." (Compl. 5.) Mr. Britt further alleges that those inmates "who could not hold [their] position[s] were tasered in the back." (*Id.*) Mr. Britt names Bill Watson, the Sheriff for the City of Portsmouth as the sole defendant.

Sheriff Watson moved for summary judgment on January 17, 2011. The Sheriff provided Mr. Britt with the appropriate *Roseboro*[1] notice (Dk. No. 19). Nevertheless, Mr. Britt has not responded. The motion for summary judgement is ripe for disposition.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

# I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.* 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).[2]

---

[2] In order to ensure that the parties shoulder their respective burdens for a motion for summary judgment, Local Civil Rule 56(B) requires:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall

2

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

Sheriff Watson supported his motion for summary judgment with affidavits from deputies and with copies of records from the Jail. Sheriff Watson's Memorandum in Support of his Motion for Summary Judgment included a "Statement of Undisputed Facts," as required by Local Civil Rule 56(B). (Mem. Supp. Mot. Summ. J. 1–3.) In light of the foregoing principles and submissions, the following facts are established for purposes of the motion for summary judgment.

---

include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

## II. SUMMARY OF PERTINENT FACTS

1. On November 4, 2008, the Emergency Response Team ("ERT") of the Portsmouth Sheriff's Office ("PSO") conducted a search of the inmates and dormitories at the male Work Release Center. [(Mem. Supp. Mot. Summ. J. Ex. 1, Attach. A; Ex. 2 ¶ 4.)]

2. PSO initiated the search because of security concerns involving recent inmate unrest and contraband. [(Ex. 2 ¶ 5.)]

3. The ERT entered the work center at 2100 hrs. [(*Id.* ¶ 6.)]

4. Initially, inmates in each of the dormitories, A-F, were ordered to lie, face down, with their fingers interlocked behind their heads. Deputies then led the inmates to common areas to enable trained dogs to check the living areas for drugs. [(*Id.*)]

5. Dormitories A-D, approximately 15-20 inmates, filed into the bathroom, led by Sgt. Michal, Dep. Youngblood, Dep. Washington, and Dep. Briggs. [(*Id.* ¶ 7.)]

6. The inmates were instructed to line up on both sides of the bathroom, to kneel down, facing away from the deputies, and to refrain from talking. [(*Id.* ¶ 8.)]

7. Inmates who stated they had bad knees were cuffed, and moved down the hallway from the bathroom, to sit on the floor. [(*Id.* ¶ 9.)]

8. Those inmates kneeling on the floor had breaks. [(*Id.* ¶ 10.)]

9. Several inmates who refused to cooperate, and disobeyed the deputies' orders and instructions, received mild shocks to their backs from an electrified shield worn by Dep. Youngblood. The shield was used solely to maintain control. [(*Id.* ¶ 11.)]

10. No stun gun (taser) was used in the bathroom. [(*Id.* ¶ 13.)]

11. The search concluded at approximately 2345 hrs. [(*Id.* ¶ 14.)]

12. On November 7, 2008, almost three days after the incident, a nurse at Portsmouth City Jail evaluated plaintiff for a swollen knee with a small bruise and a swollen shoulder blade with four red marks. She prescribed a three (3) day course of Motrin. [(Mem. Supp. Mot. Summ. J. Ex. 3, Attach. A.)]

(Mem. Supp. Mot. Summ. J. 1–3.)

## III. ANALYSIS

The Supreme Court has made clear that "vicarious liability is inapplicable to Bivens and § 1983 suits." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate that "'the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component).'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

When an inmate challenges his conditions of confinement, he must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted) (citing *Wilson*, 501 U.S. at 301–03). Deliberate

5

indifference requires the plaintiff to produce evidence that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

When an inmate claims that prison officials used excessive force against his person, the objective component is less demanding and the subjective component is more demanding. *See Williams*, 77 F.3d at 761. With respect to the objective component, the inmate must demonstrate that the "nature" or amount of force employed "was nontrivial." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1179 (2010); *see id.* at 1178 (observing that "a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim" (quoting *Hudson*, 503 U.S. at 9)). With respect to the subjective component, the inmate must demonstrate "'wantonness in the infliction of pain.'" *Iko*, 535 F.3d at 239 (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). Specifically, "the 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson*, 503 U.S. at 7).

Whether Mr. Britt's claims are viewed as a challenge to his conditions of confinement or as an excessive use of force, he has adduced no evidence from which a reasonable trier of fact could conclude that Sheriff Watson acted with a sufficiently culpable state of mind. There is no evidence that Sheriff Watson directly participated in the events of November 4, 2008, much less that he "'acted maliciously and sadistically to

cause harm'" to Mr. Britt. *Id.* (quoting *Hudson*, 503 U.S. at 7). Furthermore, Mr. Britt has not introduced evidence that demonstrates Sheriff Watson actually knew of and disregarded a substantial risk of serious harm to Mr. Britt. *Farmer*, 511 U.S. at 837. Accordingly, Sheriff Watson's Motion for Summary Judgment will be GRANTED. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

It is SO ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11 2011
Richmond, Virginia